(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**FILED**

**MAY - 5 2008**

**U.S. DISTRICT COURT**
**DISTRICT OF DELAWARE**

0 8 - 2 6 5

(1) KENNETH T. DEPUTY COLLWELL
(Name of Plaintiff) ·        (Inmate Number)
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
(Complete Address with zip code)

(2)____N/A____
(Name of Plaintiff)        (Inmate Number)

____N/A____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

:
:
:
:
:
:
:
:
:
_____
:        (Case Number)
:    ( to be assigned by U.S. District Court)
:
:
:
:
:
:

vs.

(1) John Williams

(2) Robert B. Young

(3) Carolyn Berger
(Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL  COMPLAINT**

• • Jury Trial Requested

## I.    PREVIOUS LAWSUITS

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
including year, as well as the name of the judicial officer to whom it was assigned:

Year and Caption Unknown the Assigned Judge
was Sue L. Robinson
_____
_____
_____
_____

(4) Randy Holland

(5) Jack Jacobs

**II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution?   • •Yes • •No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims?   • •Yes • •No

C.   If your answer to "B" is Yes:

1. What steps did you take? Filed Grievances, Filed State and Federal Habers Corpusis; Numerous State Applications

2. What was the result? Due to ongoing conspiracy at both State and Federal level all motions were denied and remedice exhausted

D.   If your answer to "B" is No, explain why not:   N/A

**III.   DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: John Williams

Employed as Deputy Attorney General at Department of Justice

Mailing address with zip code: 102 West Water Street,

Dover, Delaware 19904-6750

(2) Name of second defendant: Robert B. Young

Employed as Resident Judge at Kent County Superior Court

Mailing address with zip code: 38 The Green

Dover, Delaware 19901

(3) Name of third defendant: Carolyn Berger

Employed as Supreme Court Justice at Delaware Supreme Court

Mailing address with zip code: P.O. Box 476,

Dover Delaware 19903

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

III.    DEFENDANTS

(4) Name of fourth defendant: Randy Holland
    Employed as Supreme Court Justice at Delaware Supreme Court
    Mailing address with zip code: P.O. Box 476,
        Dover, Delaware 19903

(5) Name of fifth defendant: Jack Jacobs
    Employed as Supreme Court Justice at Delaware Supreme Court
    Mailing address with zip code: P.O. Box 476,
        Dover, Delaware 19903

## COMPLAINT

Violations of Plaintiffs 4,5 & 14 amendment rights of the United States Constitution; violations of Civil Rights Act of 42 U.S.C. § 1983; § 1985, § 1986. also violations of model penal codes , for forgery, fraud and making false statements.

### PRELIMINARY STATEMENT AND JURISDICTION

Plaintiff is a citizen of the State of Delaware, seeks compensation for monetary damages; punitive damages; as well as injunctive relief for his immediate relief; declaratory relief for unlawfully being restrained of his liberty, illegal commitment, lack of personal jurisdiction, relief for forgery and fraudulent practices, false statements resulting in physical, emotional and mental anguish. Injuries suffered as a direct result of conspiracy by defendants taken in their individual and official capacities, while acting as employees of the State of Delaware.

This action arises from Defendants actions with regards to State Writ of Habeas Corpus proceedings, conduct that has left Plaintiff unlawfully restrained of his liberty, by irregular commitment for Attempt to commit a crime (Art. Felony B) 11.Del. C § 531 lack of jurisdiction use of forgery, fraud and other corrupt practices . . .

### JURISDICTION

Further jurisdiction is conferred pursuant to 42 U.S.C. § 1983 resulting from deprivations of Plaintiffs rights secured by the U.S. Constitution, and for tortious behavior pursuant to the laws of the State of Delaware. This action arises particularly under the 4, 5, & 2 and 14 Amendments of U.S. Constitution and under Civil Rights Act Title 42 of the U.S. Code § 1983,1985,1986.

Jurisdiction is conferred upon this Court pursuant to Title 28 U.S.C. § 1331-1332 and 1343 in that there is true diversity of citizenships. Plaintiff is a citizen of the State of Delaware. Defendants are believed to be citizens of the State of Delaware as well as employees.

2 (B)

CONT'D FROM PAGE 3

CLAIM (1) DEFENDANTS CONDUCT INVOLVED VIOLATION OF FRAUD, FORGERY AND FABRICATION OF DOCUMENTS UNDER TITLE 12 U.S.C. §§ 224.1, 3224.3, §224.4

3 (A)

IX   STATEMENT OF CLAIMS     CONT'D

CLAIM I   CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
IN VIOLATION OF 42 U.S.C.A § 1985

This is an 11 year ongoing conspiracy and the material participation dates as to each defendant is conduct in furtherance of that same ongoing conspiracy. Defendants had meeting of the minds shared same scheme and object, which was to commit acts in furtherance of the object of such conspiracy to continue and agreed to deprive Deputy of his liberty in violations of his federal and civil rights under the U.S. CONSTITUTION. The purpose of conspiracy was to conceal the illegal arrest of Deputy on 12/16/96 for attempt to commit a crime (SEE (EXHIBIT D)059) and to cover-up for other conspirators such as other Judges, in State Court, Federal Court, Justice of the Peace Court # 7, Court of Common Pleas and Attorneys as well as police officers.

The events and or conduct at issue occurred as a result of Deputy filing a State Writ of Habeas Corpus alleging (1) That the Court lacked jurisdiction to have invicted criminal proceedings against him after being arrested for Attempt to commit a crime 11 Del. C. § 531 and committed there after (2) He was being currently held unlawfully for Att. Felony B. (SEE SENTENCING ORDER). AND (3) That his commitment for Attempt to commit a crime was clearly irregular and he was entitled to relief.

In furtherance of 11 year old ongoing conspiracy, to deprive Deputy of his liberty the defendants denied his motion, Appeal and or requested that he continue to be held unlawfully which defendants granted. The four Judicial defendants besides being held liable for conspiracy, are being held liable for acting in all absence of jurisdiction, for non-judicial in nature, all defendants were acting outside scope of their official duties. None of the defendants had authority or authorization to order Deputy to be unlawfully held or unlawfully committed. After exhausting all other remedies and realizing that conspiracy would continue Deputy brought instant suit.

3 (B)

CLAIM 2) VIOLATION OF 42 U.S.C.A § 1986
FAILED FOR NEGLECT TO PREVENT

All defendants are being held liable for violation of 42 U.S.C.A § 1986 for neglect to prevent and aiding in wrongful acts which resulted in Mr Deputy being denied relief which warranted his relief. Conduct of defendants deprived Deputy of his liberty in direct violations of his 4", 5"8" and 14" U.S.C.A, Const. Amends. The judicial officers Holland, Brieur, Sachs and Young committed deliberate acts of nonfeasance and malfeasance in denying Deputy's Habeas Corpus and Appeal in clear face that the proceedings warranted his release but based on conspiracy, coverups and racial discrimination. Each defendant both neglected to act when a duty to act existed, intentionally failed to prevent wrongful acts of harassing Deputy's federally protected rights secured under the constitution. Defendants got in contact which each other and agreed to deny Deputy his civil and federal rights by causing him to remain in custody unlawfully, knowing he was entitled to be released based on record and facts alleged in Habeas and Appeal proceedings. These defendants had on other previous occasions, had other opportunities to prevent wrongful acts from being committed against Deputy they refused then as well.

CLAIM 3) ALL DEFENDANTS VIOLATED DEPUTY'S 4"5"8"14" U.S.C.A

Defendants actions in furtherance of conspiracy to deprive Deputy of his freedom to conceal corrupt practices and conceal involvement of other participants violated Deputy's 4"5"8" and 14" amendment rights.
Mr Deputy in an effort to obtain relief in State Habeas proceeding he established that arrest for Attempt to commit a crime was illegal, 4"5" failure of arrest to have complaint and warrant filed and processed by Court #7 violated 5"14". Personal jurisdiction in a particular case is dependent upon defendants physical presence before court pursuant to a properly issued warrant, and a lawful arrest which Deputy had shown that arrest warrant and arrest for meritless accusation for Attempt to commit a crime was neither case of properly filed warrant or lawful arrest within confines of 4"5"8"14" amendment requirements.
Deputy's allegations in State Habeas showed that jurisdiction was never obtained. Also even more obvious had shown that his commitment for Attempt to commit a crime was not regular or in accordance with prescribed law inter'alica.
Finally, contrary to the defendants false allegations, Deputy's current detainment for Att. Felony B is unlawful and amounts to cruel and certainly unusual punishment under eighth amendment standards as well as criminal, acts committed was abuse of process, or misuse of process committed because he is an official; racial discrimin etory exercising process outside bounds of lawful authority.

5 (c)

CLAIM 4) DEFENDANTS CONDUCT INVOLVED VIOLATIONS
FRAUD, FORGERY AND FABRICATION OF DOCUMENTS UNDER
TITLE 18 U.S.C.A.

All Defendants conduct involved acts of fraud, forgery,
and the fabrication of documents. The commitment sheet
in this case is the subject of this claim, since the adult
complaint and warrant was neither filed or processed by
Justice of the Peace Court Clerks at Court 7: there cannot
be any existence of a commitment sheet under due process.
  · Defendants deprived Deputy of his liberty as a direct
result of conduct that based its decision in denying relief
on conspiracy to commit fraud, forgery and fabrication.
    State habeas proceedings are fundamental in that
if an accused can demonstrate that his commitment
was not regular on its face as was demonstrated here
is entitled to relief. Deputy if not for blatant conspiracy
to commit corruption of forgery, fraud and fabrication
of evidence, documents should have been allowed based
on allegations in his State Writ of Habeas Corpus.
    Deputy further suggests that the defendants also
used a forgery Indictment IN 97-01-0018, 0019, 0020 and
purported it to be February indictment, however the
Indictment was not an issue in Habeas proceeding,
it is being mentioned in support of fraudulent practices
employed in State Courts. It is difficult to imagine
that Deputy who obtained diploma while in prison
has no legal training in law was able to conclude
that his arrest and commitment for Attempt To Commit
A Crime 11 DEL. C § 531 was illegal and the State and
Federal Court Judges allowed these illegal proceedings
to take place. For decades. It is clear from the conflict
of the defendants and other un-named co-conspirators
that their actions suggested there was a cover-up by
Federal Court Judges, that gave them a comfort zone.
   The fourteenth amendment was created to prevent the
Klu-Klux-Klan from operating in our Court systems.
  ·It is equally clear from this record that the Klan is
live and operating out of Delaware's State and Federal
Courts,

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. VIOLATION OF 42 U.S.C.A § 1985- CONSPIRACY (2),(B)
   All defendants are being sued for participation in
   ongoing conspiracy. Robert Young on 12/03/2007; John
   Williams participation on 1/11/08: Heidy Hollands, Carolyn
   Berger and Sail Jacobs for participation on 3/18/08

2. VIOLATION OF 42 U.S.C.A § 1986 - FOR NEGLECT TO PREVENT
   All defendants are being sued all having knowledge
   of wrongs conspired to be done, about to be committed
   and having the power to prevent or and in preventing,
   neglected to do so and refused allowed wrongful acts.

3. All defendants are being sued for depriving Deputy
   of his liberty in violation of his 4'5'8'14" rights.
   All defendants acted in complete absence of all jurisdiction
   Defendants knew or should have known commitment and
   arrest for Attempt to commit a crime was illegal, void

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff seeks injunctive relief in the form,
   of his release. Injunctive relief requested against
   defendants whom are Judicial officers seeks
   injunctive relief for an award of attorney's fees.
   Seeks to hold all defendants liable in individual, official
   capacities seeks injunctive relief whom defendant Williams
   as well,

2.  Plaintiff requests declaratory relief as to the arrest and commitment for (Attempt to commit a crime under 11 Del.C 3531 regarding legality and as to whether commitment for such is in accordance with prescribed law; whether regular or irregular.

3.  Plaintiff seeks relief for monetary and punitive damages from all defendants. Plaintiff seeks 900,000 dollars in monetary damages; attorney fees; cost of suit in addition to all other damages the Court deems appropriate for being deprived of his liberty for various acts, of clearly established statutory and constitutional rights.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __1st__ day of __May__, 2 008.

_Herman T Deputy_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENNETH T. DEPUTY,
Plaintiff,

vs.

JOHN WILLIAMS
ROBERT YOUNG
CAROLYN BERGER
RANDY HOLLAND and
JACK JACOBS,
Defendants.

C.A. No. _____

DOCUMENTATION IN SUPPORT OF
CIVIL COMPLAINT FILED PURSUANT
TO 42 U.S.C.A § 1983

Kenneth T. Deputy
S.B.I # 00144616
D.C.C.
1181 PADDOCK ROAD
SMYRNA, DE 19977

DATED: May 1, 2008

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR _____ KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | * | |
| | * | CR. A. NO. 97-01-0019 thru 0020 |
| | * | ID. NO. 9601002864 |
| V. | * | |
| | * | |
| | * | |
| KENNETH DEPUTY | * | |
| DEFENDANT | | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that the enclosed Motion for  Habeas
Corpus Relief _____ will be presented to this Honorable Court at the
earliest possible convenience.

10/ Nov /2007
DATE

Kenneth T. Deputy
Kenneth T. Deputy
00144 6666
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

(1)

IN THE  Superior  COURT OF THE STATE OF DELAWARE
IN AND FOR _____ KENT _____ COUNTY

IN THE MATTER OF :

C.A. No.

KENNETH T. DEPUTY
for a Writ of Habeas Corpus

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ of Habeas Corpus. Petitioner states the following in support:

1. The Criminal Action Number in this case is _97-01-0012 thru 0020_

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of
His serving sentence for Attempt To
Commit A Crime Felony B, Which is not a
a charge in Delaware, Violation of 14th Const-
Amend, complete denial of due process violations
or other various laws State and Federal
SEE Attached

WHEREFORE, petitioner prays the petition issue and the writ granted.

Kenneth Deputy

00244646-Unit 21  A-L-8
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: November 10, 2007

(3)

CASE HISTORY AND PROCEDURAL VIOLATIONS
THAT LED TO PETITIONER BEING UNLAWFULLY RESTRAINED
OF HIS LIBERTY PROVIDING GROUNDS FOR THE FILING
OF STATE WRIT OF HABEAS CORPUS WARRANTING RELIEF

Petitioner's request for Habeas relief and immediate
relief is based only on the fact that he is currently
serving out the balance of a 15 year illegal sentence
for Attempt To Commit A Crime Felony B, which
is not a charge in Delaware in and of itself. SEE
EXHIBIT (D-12) U.S attorneys October 30, 1997 letter,
also see sentencing order 15 years for att Felony B for
nail in the coffin type evidence.

The Respondent nor does this Court have the authority
to force or compel Petitioner to serve out the balance
of illegal sentence for attempted Felony B, which is the
abbreviation for attempt to commit a crime (SEE
EXHIBIT D-7) status sheet filed one day after imprisonment;
Any order filed by this Court denying Petitioners
release would be exception to executive decision made.
The Petitioner was sentenced to 22 years at level five,
7 years was a minimum mandatory term for P.D.W.D.C.F,
This sentence by law was required to be served first,
the Petitioner has served nearly 11 years, as such, the
7 year sentence for weapon offense was completed. Thereby
just leaving the unlawful sentence for 15 years for
attempt to commit a crime which by now we all know
is not a charge

CASE HISTORY WHICH HAS RESULTED
IN PETITIONER BEING UNLAWFULLY RESTRAINED OF HIS
LIBERTY VIOLATING UNITED STATES CONSTITUTIONAL
AMENDMENT FOURTEENTH U.S.C.A 14
The petitioner has continually challenged this injustice over 11 year
period, thereby warranting a Federal probe into State Court.

(4)

The Record in this case reflects that on or about December 16, 1996, the Petitioner was arrested for (1) Attempt to commit A Crime (criminal offense unspecified) (2) Assault In the first degree, and for (3) Possession of a deadly weapon during the commission of felony.

∗ It should be noted that this action being brought against Petitioner is dead at this point and none existing. a criminal case is predicated on lead charge. The alleged lead change at this point is attempt to commit a crime, not a change therefore no case exists. It is irrelevent what happens after this point, because attempt to commit a crime is not a charge, there is no lesser-included, or greater offense to be charged.

As stated at this point any alleged case against the Petitioner is lost no personal jurisdiction exists. However, before we get into that I must reveal what was done by arresting officer and Magistrate Judge working in concert with cop at Court No#7. What was done next by the Court No#7 Judge and arresting officer will shock even this Court. On December 16, 1996 Petitioner was taken before Judge Fred Lord supposedly for an arraignment for Attempt To Commit A Crime, but what happened next was not known by me until years later. The Judge and the arresting officer knowing that their actions were criminal and unlawful, they concealed what was done from the Justice of the Peace Clerks. Stated plainly" the case was Revealed from clerks of Court 7, the clerks were not given the opportunity to file this alleged case, clearly no case exists if not filed. If you look at the arrest warrant for Petitioner it has no seals now see example warrant provided by Petitioner it is stamped and sealed properly.

(5)

## ARGUMENTS

1) Petitioner claims that the denial of his request by this Court for immediate relief in the form of release would constitute and or clearly indicate participation being taken by Judge otherwise than in his Judicial Role. Beard v. UDA2 648 F.2d 1264. The Respondent nor the Court has the authority to order the Petitioner to be continually held unlawfully restrained of his liberty in violation of his 14th constitutional amendment Rights and various state laws, by commanding him to serve out the balance of illegal sentence and complete violation of due process for attempt to commit a crime felony B. which is known by all not to be valid charge, 10 Del. C § 6908 (a)

2) Petitioner claims that although his request for Habeas Relief is based on unlawful restraint for attempt to commit a crime there are many more serious, violations done maliciously. Also personal jurisdiction was not and could not in lawful fashion be obtained by in this matter which also would warrant immediate discharge. For any reason the Petitioner is not released an appeal would be filed, then after that a Civil Complaint would have to be filed. The conduct of the individuals and continued abandonment of lawful process by State Court by far exceeds what occured in Sena Louisana.

3) The law as stated in State v. Karotki Del. Super 418 And 1008 and State v. Keating 236 A 2d 684 were violated. The Petitioners arrest violated 11 Del. C § 1901, Justice of the Peace 10 Del. C § 9902 a. Complaint must be valid as well as processed, the complaint was concealed from clerks as such never processed. Personal jurisdiction is dependent on physical presence pursuant to a properly issued warrant yet another clear violation. Petitioner was denied due process all together.

(6)

4.) Petitioner states that currently his being unlaw
fully restrained of his liberty for attempt to commit
a crime, violates the abolishment of slavery and
servitude that was outlawed. Therefore the fourteenth
amendment was passed in 1868, to protect newly freed
slaves. Petitioners incarceration violates that
14th amendment, 10 Del.C § 6902 C1), U.S. Const Art I
Subsection 9. The record in this case reflects that
Petitioners facts submitted are factual and truthfully
and entitle him to immediate release,

   Petitioner further claims that any statements made
by any person or party that falsely alleges that
Petitioner is serving time for anything else other
than whats stated in this petition would be false
and constitute slander and defamation of character.

### CONCLUSION

   Petitioner prays that this Court understand that
the contours of right violations are sufficiently
clear that reasonable officer would understand
what was done and continues to be done violated
the Petitioners rights, laws state and federal and
grant his Writ of Habeas Corpus, Relief warranted under,
<u>Biddle v Board of Trustees of New Castle County</u>, 33 Del.425, 138 A.631

Kenneth J. Depuey

Dated: November 10, 2007

(7)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE          CASE NO. 9612008864
       V.                  CR.A. NO. IK97010018
KENNETH T DEPUTY

                           CHARGE: ATT. FELONY B
DOB: 01/19/57
SBI: 00144616              CHARGE DISP: TRIAL – GUILTY

SENTENCE ORDER

NOW, THIS 19TH DAY OF DECEMBER, 1997, IT IS THE ORDER OF THE COURT
THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

    THE DEFENDANT IS TO PAY THE COST OF PROSECUTION.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS AT SUPERVISION LEVEL 5   FOR A PERIOD OF 15 YEARS,
INCLUDING CREDIT FOR ANY TIME PREVIOUSLY SERVED.

EXHFBIS
S (A-29)

Exhibit-(D-7)

CCPS 0008      CLIENT STATUS SHEET      12/17/96
Name: DEPUTY, KENNETH T         SBI: 00144616
ORG:SU,,,                Security Codes:
                           P&P OFFICER:
                           CC: NO OFFICER

Addr: 26 SAWYER LANE
      DOVER, DE 19901-0000 K

Race/EO: B BLACK      NON-HISPANIC    Religion: 03 NO PREFERENCE -
Age: 39    DOB: 01/19/1957    POB: DE      M/S: 1 SINGLE
Hgt: 601    Wgt: 180      Hair: BLK      Eyes: BRO    Skin: MED
SMT: SC LF ARM

============ ============== Emergency Information =================================
   PILMER, FRANCES                 Relationship: PARENT (MOTHER OR
   RD 1 BOX 235R                Phone: 302-697-2670
   DOVER, DE 19901-0000
======================================= Current Status ================================
Facility: CC DCC         Commit Status: 01    DETENTIONER HOLD
Received: 12/17/1996       Admit Method: 415   FROM HELD FOR TRIAL (INCLUDE M
Sent Date: 16-60                     COURT OF COMMON PLEAS
Court No: 9612008864      (Judge:
Pending Chgs: 3       No. Sent:    0    Sent Type: 0
Offense: DE 11 0531 0001 F B ATT. FELONY B
Orig. Admit Date: 12/17/1996

================================= Sentence Information ================================
   Statute    NCIC   Cat   Judge        Court               Case#
ATT. FELONY B           NOT ON TRL JUSTICE OF THE PEACE COURT 07   9612008864
ASSAULT 1ST            NOT ON TRL JUSTICE OF THE PEACE COURT 07   9612008864
CONDUCT               NOT ON TRL JUSTICE OF THE PEACE COURT 07   9612008864
==============================================================================
           YYY   MMM   DDD    Date          Effective
Max Full Term:
Good Time
Balance of Time

                     Parole Elig Date:

Indefinite Life Death No Regularing Parole Inelig. 4104/4105 Mandatory

               Costs       Restitution      Bail
                                            $    70,000.00
               Time Comp

                     Special Conditions ==================================
                     LT OF BAIL.

                     Release Information ===============================
                     YYY MMM DDD,D   Released to Whom?

(10)

AS TO THE CHARGE OF IK97010020, PDWDCF,
IT IS THE ORDER OF THE COURT THAT:            .

     THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

     THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 7 YEARS.

     THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IK97-01-0018.            .

(11)

9612008864

AS TO THE CHARGE OF IK97010019, ASSAULT 1ST,
IT IS THE ORDER OF THE COURT THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

    THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 5 YEARS.

    THIS SENTENCE IS SUSPENDED FOR 1 YEAR AT SUPERVISION LEVEL 4 --
HALF-WAY HOUSE. FOLLOWED BY 1 YEAR AT SUPERVISION LEVEL 4 - HOME
CONFINEMENT. FOLLOWED BY 18 MONTHS AT SUPERVISION LEVEL 3. FOLLOWED
BY 18 MONTHS AT SUPERVISION LEVEL 2.

    THE DEFENDANT IS TO BE HELD AT SUPERVISION LEVEL 5 UNTIL SPACE
IS AVAILABLE AT SUPERVISION LEVEL 4.

    THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IK97-01-0020.

    THE DEFENDANT SHALL MAKE RESTITUTION AS FOLLOWS: THE DEFENDANT
IS TO PAY RESTITUTION IN THE AMOUNT OF $557.50 TO SHORE STOP
CORPORATION.



> store, however, followed by Baugher, and then by Deputy, who ran
> across the highway and out of sight.
>
> Baugher's eyewitness testimony was partially corroborated by two other
> eyewitnesses, Baugher's girlfriend, Lord, and a male friend, Daniel
> Heaps ("Heaps"), both of whom happened to stop at the store while the
> assault and attempted robbery were in progress.[2]

Following an investigation, the police requested a warrant for Deputy's arrest

on December 16, 1996, on charges of Attempt to Commit a Crime Felony B, 11

*Del. C.* § 531, Assault in the First Degree, 11 *Del. C.* § 613, and Possession of a

Deadly Weapon During the Commission of a Felony, 11 *Del. C.* § 1447. Later that

day Deputy was arrested on the warrant and bond was set. [Docket Item ("DI")#1].

B. Procedural History

Deputy was scheduled for a preliminary hearing on December 20, 1996. His

hearing was continued and his bail was reviewed by the Court of Common Pleas.

The following week on January 3, 1997, after a preliminary hearing, the Court of

Common Pleas found probable cause existed and bound Deputy over to the Superior

Court. On January 5, 1997, Deputy wrote his Assistant Public Defender, Paul

Swierzbinski, Esq. ("Swierzbinski") requesting a copy of his indictment.[3] [DI#2]

On January 10, 1997, Deputy requested a copy of his indictment from the

---

[2]    *Id.* at 7.

[3]    At this time Deputy had not yet been indicted.



3

(13)



United States Attorney's Office
*District of Delaware*

*Chase Manhattan Centre*
*1201 Market Street, Suite 1100*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*
*FAX (302) 573-6220*

October 30, 1997

Kenneth T. Deputy
SBI No. 00144616
Unit Pretrial A-27
Delaware Correctional Center
Smyrna, Delaware 19977

    Re:  **Your Letter Dated October 24, 1997**

Dear Mr. Deputy:

    I have read your two page letter dated October 24, 1997.  We are not going to conduct any investigation into your allegations.  First, you allege you were illegally convicted on September 18, 1997.  It appears as though the basis for that is in part the fact that you say you were convicted of "attempt to commit a crime," and that is not a charge in the State of Delaware.  That is a matter you can raise on appeal.  Second, your less specific allegations can also probably be raised on appeal. Third, to the extent that you allege that the judges, the police, the prosecutors, and the public defenders are involved in a conspiracy against you, you do not provide any evidence to back up that claim, and therefore, we will not investigate it.

    I also note that you claim that the United States Attorney was either "bribed" or "extorted" to ignore this corruption.  Obviously, we cannot investigate ourselves and I would respectfully suggest that if you want to pursue that you should write to the Public Integrity Section of the United States Department of Justice, ATTN: Chief Lee J. Radek, Room 1200, Bond Building, Washington, D.C. 20530, telephone 202-514-1412.

                Yours very truly,

                GREGORY M. SLEET
                United States Attorney

    BY: *Richard G. Andrews*

           Richard G. Andrews
           Assistant United States Attorney

RGA:slb

D-12

(14)

Exhibit (D-1)

Adult
Complaint and Warrant
In the JUSTICE OF THE PEACE COURT 07
In and for the county of KENT, State of Delaware
State of Delaware vs KENNETH T DEPUTY

I, GREG A DONOPHAN (09353), of CAMDEN WYOMING PD do hereby state under oath or
affirmation, to the best of my knowledge, information and belief that the
above-named accused violated the law of the State of Delaware by committing
criminal acts in Kent county on or about the date(s) and at or about the
location(s) as indicated in Exhibit A hereto attached and made a part hereof.

WHEREFORE, your affiant prays that the above named accused may be forthwith
approached and held to answer to this complaint consisting of 3 charges, and
to be further dealt with as the law directs.

_____
Affiant

SWORN TO and subscribed before me this 16 day of December A.D., 1996

_____
Judge/Master/Commissioner/Court Official

==============================================================================
(To be completed by Judge/Master/Commissioner/Court Official)
Jurisdiction resides in Family Court because:  (Check and complete as required)
A._____  The crime was committed by a child
B._____  A misdemeanor was committed against a child
C._____  A misdemeanor was committed by one family member against
          another family member
D._____  Other. Explain _____

==============================================================================
WARRANT

TO ANY CONSTABLE or other authorized person:

WHEREAS, the foregoing complaint consisting of 3 charges, having been made, as
listed in Exhibit A which is attached hereto and incorporated herein, and
having determined that said complaint has been properly sworn to before me.
and having found that there exists probable cause for the issuance of process,
based upon the affidavit of probable cause which is attached hereto and
incorporated herein as Exhibit B, you are hereby commanded in the name of the
State of Delaware, to take KENNETH T DEPUTY accused, and bring same before
JUSTICE OF THE PEACE COURT 07, FORTHWITH, to answer said charges.

GIVEN UNDER MY HAND, this 16 day of December A.D., 1996

_____
Judge/Master/Commissioner/Court Official

Warrant executed by _____ DoNoPHAN _____ CWPD _____ (Name/Agency) on
__16th__ day of __DEC__, 19.96.
Police Complaint No 5796002435          WR:5796000229:WR

Exhibit A
State of Delaware vs KENNETH T DEPUTY
-----------------------------------------------------------------------
                                Court Case: 9612008864
-----------------------------------------------------------------------
Complaint Number: 5796002435    Arrest Number: 277054  Charge Sequence: 001
Charge: ATTEMPT TO COMMIT A CRIME FELONY B
        - ENGAGE IN CONDUCT THAT CONSTITUTE A CRIME
In Violation of: 11-DE-0531-0001-F-B  2-20yr +Fins         PK-96-4133
Location of Violation: 270 S.DUPONT HIGHWAY,SHORE STOP
  TO WIT: KENNETH  T DEPUTY, on or about the 13th day of December, 1996, in the
          County  of  Kent,  State  of  Delaware,  did  enter  the  shore  stop
          covenience  store and demanded money from the clerk.during the course
          of  making such demand did display and cause serious physical  injury
          to the clerk useing this knife.

Complaint Number: 5796002435    Arrest Number:           Charge Sequence: 002
Charge: ASSAULT FIRST DEGREE
        -INTENTIONAL SERIOUS INJURYWEAPON DANGEROUS INSTRUMENT
In Violation of: 11-DE-0613-00A1-F-C  0-10yr +Fins        PK-96-4124
Location of Violation: 270 S.DUPONT HIGHWAY,SHORE STOP
  TO WIT: KENNETH  T DEPUTY, on or about the 13th day of December, 1996, in the
          County  of  Kent, State of Delaware, did intentionally cause  serious
          physical  injury  to CAHRLES BAUGHER by means of a deadly  weapon  by
          cutting the vic in the head ,cheek,and chest with a knife .

Complaint Number: 5796002435    Arrest Number:           Charge Sequence: 003
Charge: POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY
In Violation of: 11-DE-1447-0000-F-B  2-20yr +Fin         PK-96-4135
Location of Violation: 270 S.DUPONT HIGHWAY,SHORE STOP
  TO WIT: KENNETH  T DEPUTY, on or about the 13th day of December, 1996, in the
          County  of  Kent, State of Delaware, did knowingly  possess a  deadly
          weapon  during  the  commission of a felony by possessing   knife,  a
          deadly weapon, during the commission of attempted robbery

(46)

Exhibit B
Affidavit of Probable Cause

State of Delaware vs KENNETH T DEPUTY          Police Complaint Number: 5796002435
Also known as: KENNY                          SBI Number: 00144616
Date of birth: 01/19/1957     Sex: M          Race: B      Accused's age: 39
Eyes: BRO     Hair: BLK      Height: 601       Weight: 180
Accused's home add: 26 SAWYER LANE            SOCIAL SECURITY NUMBER 221442089
                                              Driver's License DE - 0686315
            :
            : DOVER, DE 199010000
                                              Name, Home and Work Addresses, and
Accused's Home Ph : 7354936                   Telephone Numbers of Next of Kin
                                              or Parent/Guardian
Accused's employer: HANOVER FOODS             : FRANCES WILMER
            :                                 : RD 1 BOX 253B
            :                                 :
Accused's Emp Pho: 6539281                         : DOVER, DE 199010000
Accused's Work Hr:                            Phone: 3026972690
                                              Work :
                                                   :
Relation: Vict to accused: STRANGER                :

Victim's Age : 24
Victim's D.O.B. : 02/27/1972
Date(s) and time(s) of offense: 12/13/1996 00:16 thru 12/13/1996 00:30
Location where offense occurred: 270 S.DUPONT HIGHWAY,SHORE STOP

    Your affiant GREG A DONOPHAN can truly state that:
 1- your affiant is a police officer and employed with the camden-wyoming pd.
 2-  on  12-13-96 your affiant was dispatched to a attempted robbery  at  the
shore stop convenience store in camden.
 3-  your  affiant contacted the vic who was being treated by the  paramedics
the vic had a laceration to the chest,cheek and to the head.
 4-  vic advised that the accused came into the store and demanded the  money
from him and was displaying a knife.
 5-  vic advised that the accused ran towards him and began hitting him  and
cut him several times with the knife.
 6- the accused fled the store without obtaining any curency.
 7- at the time of the attempted robbery two subjects witnessed the inceident
w-2(lord,paula)and w-3(heaps,danny).
 8- your affiant recieved information from dsp troop#3 that an anonymous
caller called  and stated that kenny deputy was talking about the robbery at
the shore stop.
 9-  your affiant responded to troop#3 and obtained a picture of the  accused
kenny deputy.
 10-  on 12-13-96 your affiant conduted a photo line up with six photo's  one
of which was the accused kenny deputy.
 11-  the  vic (baugher),w-2(lord)  and  w-3(heaps)picked the  photo  of  the
accused as the person who robbed the shore stop and asaulted the vic.


_____                      _____
    (Affiant)                         (Judge-Master-Commissioner-Court Official)
                                      Sworn to and subscribed before me
                                      this 16 of December, 1996

                        -16-



08/01/2002  13:27    5717729



*EXAMPLE WHAT PROCESSED WARRANT SHOULD LOOK LIKE*
NEW CASTLE COUNTY PD                PAGE  01

*ARREST COMPLAINT OF WHITE DEFENDANT*

Adult
Complaint and Warrant
In the Justice of the Peace Court
In and for the State of Delaware
State of Delaware vs ~~TERRENCE A DOWNS~~

I, JENNIFER L FALKOWSKI do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the law of the State of Delaware by committing criminal acts in New Castle county on or about the date(s) and at or about the location(s) as indicated in Exhibit A hereto attached and made a part hereof.

WHEREFORE, your affiant prays that the above named accused may be forthwith approached and held to answer to this complaint consisting of 1 charge, and to be further dealt with as the law directs.

X _____
          Affiant

SWORN TO and subscribed before me this 15 day of January 2002

_____
Judge/Master/Commissioner/Court Official

=========================================================
(To be completed by Judge/Master/Commissioner/Court Official)
Jurisdiction resides in Family Court because:  (Check and complete if required)
A. _____ The crime was committed by a child
B. _____ A misdemeanor was committed against a child
C. _____ A misdemeanor was committed by one family member against another family member
D. _____ Other. Explain _____

=========================================================
WARRANT

TO ANY CONSTABLE or other authorized person:

WHEREAS, the foregoing complaint consisting of 1 charge, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to, and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take TERRENCE A DOWNS accused, and bring same before THE PEACE JUSTICE OF THE PEACE COURT 11, FORTHWITH, to answer said charge.

GIVEN UNDER MY HAND, this 15 day of January A.D. 2002

_____
Judge/Master/Commissioner/Court Official

Warrant  executed  by  J. KODANSKI   NCCPD  2578   Name/Agency  on
01  day of  AUG  2002
Police Complaint No 3201126580              WR:K1C2000546:WR

(18)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

KENNETH T. DEPUTY
    Petitioner

    V.

STATE OF DELAWARE
    RESPONDENT

## MOTION FOR CONSIDERATION

COME'S NOW, above-named Kenneth Deputy and hereby moves this Honorable Court for reconsideration of his request for relief on his Motion For Writ of Habeas Corpus. This Court denied his Habeas Corpus claiming that (1) The Petitioner's committment on December 16, 1996 for Attempt To Commit A Crime was regular on its face, this is a clear error of law because attempt to to commit a crime is not a valid felony or change for which an accused can be committed, as such the Superior Courts ruling here is in error. Secondly (2) The Court further erred in its ruling when it denied his Habeas Corpus claiming erroneously that he was being lawfully detained while serving the balance of 8 year sentence for Attempt To Commit A Crime despite Petitioner producing for the Court a copy of current sentencing order for attempted felony B. filed by this very Court. Petitioner also supplied this Court with letter signed by U.S. Department of Justice confirming Petitioners claim that attempt to commit a crime is not a change.

1) A motion for reconsideration must be granted in this instance because moving party will show supporting evidence so strong in the way of two legal documents by both the United States Department of Justice's former Assistant U.S. Attorney Richard Andrews clearly supporting his claim that attempt to commit a crime is not a change.

2) Also in support of his request for reconsideration Petitioner is attaching further evidence that he was committed to prison for attempt to commit a crime in a letter signed by both former Bureau Grievance Officer Richard Seifert and former bureau chief Paul W. Howard verifying for this Court that Petitioner's claim that his commitment was for Attempt To Commit A Crime, as such commitment was never regular on its face. Along with these two documents and copy of sentencing order the reconsideration may be granted because moving party has shown the need to correct a clear error of law and fact to prevent furtherance of manifest injustice. Max's Seafood Cafe v. Quinteros 178 F.3d 667 (1999). Since the record in this case (sentencing order also attached hereto) reflects that Petitioner is currently serving sentence for attempt to commit a crime he clearly is not being detained on a felony charge entitling him to relief under 10 Del. C § 6902 (1) Superior Courts refusal to honor this statute would be act outside the scope of his/her judicial capacity and in absence of their jurisdiction. The claims before this Honorable Court are clearly established federal, statutory and constitutional rights which any reasonable person would have known entitle Petitioner to relief.

2)

DEPARTMENT OF CORRECTION
Bureau of Prisons
80 Monrovia Avenue
Smyrna, Delaware 19977

January 26, 1998

Inmate Kenneth Deputy
SBI # 144616
DCC
Smyrna, DE 19977

Dear Mr. Deputy:

We have reviewed your grievance dated 11-15-97 requesting immediate release.   And we concur
with the Deputy Warden's and RGC responses.

This reply covers case #9711080.   Our decision was based on several key facts.   First, the Inmate
Grievance Procedure is designed as an administrative remedy ... not a legal proceeding.   Second, you
were committed to prison by Judge Fred Dewey from Justice of the Peace Court #7 on 12-16-96 in
default of $70,000 bail.   The charges for which this bail was set include Assault 1", Possession of a
Deadly Weapon during the Commission of a Felony, and Attempt to Commit a Felony Crime.   Third,
disagreement with a court order is not a grievable issue under the guidelines of this procedure.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP
Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

Richard E. Seifert
Bureau Grievance Officer

RECOMMENDATION APPROVED:

Paul W. Howard, Chief                                      Date        1/28/98
Bureau of Prisons

4 of 7



U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

*Chase Manhattan Centre*                          *(302) 573-6277*
*1201 Market Street, Suite 1100*              *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

October 30, 1997

Kenneth T. Deputy
SBI No. 00144616
Unit Pretrial A-27
Delaware Correctional Center
Smyrna, Delaware 19977

Re:  Your Letter Dated October 24, 1997

Dear Mr. Deputy:

I have read your two page letter dated October 24, 1997.  We are not going to conduct any investigation into your allegations.  First, you allege you were illegally convicted on September 18, 1997.  It appears as though the basis for that is in part the fact that you say you were convicted of "attempt to commit a crime," and that is not a charge in the State of Delaware.  That is a matter you can raise on appeal.  Second, your less specific allegations can also probably be raised on appeal.  Third, to the extent that you allege that the judges, the police, the prosecutors, and the public defenders are involved in a conspiracy against you, you do not provide any evidence to back up that claim, and therefore, we will not investigate it.

I also note that you claim that the United States Attorney was either "bribed" or "extorted" to ignore this corruption.  Obviously, we cannot investigate ourselves and I would respectfully suggest that if you want to pursue that you should write to the Public Integrity Section of the United States Department of Justice, ATTN: Chief Lee J. Radek, Room 1200, Bond Building, Washington, D.C.  20530, telephone 202-514-1412.

Yours very truly,

GREGORY M. SLEET
United States Attorney

BY: *Richard G. Andrews*

Richard G. Andrews
Assistant United States Attorney

RGA:slb



IN AND FOR KENT COUNTY

STATE OF DELAWARE
        V.
KENNETH T DEPUTY

DOB: 01/19/57
SBI: 00144616

CASE NO. 9612008864
CR.A. NO. IK97010018

CHARGE: ATT. FELONY B

CHARGE DISP: TRIAL - GUILTY

SENTENCE ORDER

NOW, THIS 19TH DAY OF DECEMBER, 1997, IT IS THE ORDER OF THE COURT
THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY THE COST OF PROSECUTION.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS AT SUPERVISION LEVEL 5    FOR A PERIOD OF 15 YEARS,
INCLUDING CREDIT FOR ANY TIME PREVIOUSLY SERVED.

*was originally given credit for 74 days*

*Has been Altered*

$Exhibit$ (29)

PAGE 001 OF 5

## CONCLUSION

Petitioner prays that this Honorable Court will recognize the need to connect a clear error of law and fact to prevent manifest injustice grant relief, schedule hearing to resolve this matter in sensible manner.

*Kennith T Deputy*

Dated: November 26, 2007

SUPERIOR COURT
OF THE
STATE OF DELAWARE

ROBERT B. YOUNG
JUDGE

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5331

November 19, 2007

Kenneth Deputy
DCC – Inmate
1181 Paddock Road
Smyrna, DE 19977

> ### *RE:   Kenneth Deputy*
> #### *Id No: 9612008864    C.A. No: 07M-11-012(RBY)*

Dear Mr. Deputy:

The Court has considered your writ of *habeas corpus* which was filed with the Prothonotary on November 16, 2007.

The extraordinary remedy of *habeas corpus* is not available where the commitment is regular on its face. *Jones v. Anderson*, Del. Supr., 183 A.2d 177, 178 (1962), *citing Curran v. Woodley*, Del. Supr., 104 A.2d 771 (1954).

Currently you are being lawfully held at Level 5. A hearing will be scheduled in the near future. Your petition for a writ of *habeas corpus* is therefore *summarily dismissed*.

**IT IS SO ORDERED**.

_____
JUDGE

RBY/sal
oc:  Prothonotary
cc:  Defendant
     Department of Justice
     Public Defender
     File

SUPERIOR COURT
OF THE
STATE OF DELAWARE

ROBERT B. YOUNG
JUDGE

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5331

December 3, 2007

Kenneth Deputy
DCC – Inmate
1181 Paddock Road
Smyrna, DE 19977

> **RE:   Kenneth Deputy**
> **Id No: 9612008864        C.A. No: 07M-11-012(RBY)**

Dear Mr. Deputy:

The Court has considered your writ of *habeas corpus* which was filed with the Prothonotary on November 29, 2007.

The extraordinary remedy of *habeas corpus* is not available where the commitment is regular on its face. *Jones v. Anderson*, Del. Supr., 183 A.2d 177, 178 (1962), *citing Curran v. Woodley*, Del. Supr., 104 A.2d 771 (1954).

Currently you are being lawfully held at Level 5. A hearing for review is scheduled for December 14, 2007. Your petition for a writ of *habeas corpus* is therefore *summarily dismissed*.

**IT IS SO ORDERED**.

_____
JUDGE

RBY/sal
oc:    Prothonotary
cc:    Defendant
        Department of Justice
        Public Defender
        File

## STATE OF DELAWARE IN AND FOR KENT COUNTY

### COURT NO. 7

### COMMITMENT

**COPY**

The State of Delaware

Kent County, ss.

To any constable and to the Department of Correction of the said State and County:

THIS IS TO COMMAND YOU, the said constable, forthwith to convey and deliver into custody of the Department of Correction of DCC in New Castle County the body of **KENNETH T DEPUTY** charged before said Justices of the Peace Court 7 on oath by **GREG A DONOPHAN** with violation of the below stated offenses of the Delaware Code of 1953 as amended.

AND WHEREAS, by my judgement the said defendant is committed in default of $ 70,000 secured bail. Appearance in Kent County Court of Common Pleas for PRELIMINARY HEARING on Friday December 20, 1996 at 09:00 AM

AND YOU, the said Department of Correction, are hereby required to receive the said defendant into your custody and him safely keep, until he be thence delivered by due course of law.

GIVEN under my hand and seal this 16 day of December, A.D. 1996.

_____ (Seal)
Justice of the Peace

The total number of charges is 3

| Crim Act No | Case No | Statute | Offense | Amount of Bail |
|---|---|---|---|---|
| | J7-9612008864-001 | 11:0531:0001:F:B | ATTEMPT TO COMMIT A CRIME FELONY | 30,000 |
| | J7-9612008864-002 | 11:0613:00A1:F:C | ASSAULT FIRST DEGREE | 10,000 |
| | J7-9612008864-003 | 11:1447:0000:F:B | POSSESSION OF A DEADLY WEAPON DUR | 30,000 |

NAME: KENNETH T DEPUTY   SBI: 00144616 / 01   SEX: M   RACE: B   DOB: 01/19/1957

**COPY**



EXHIBIT # D-59)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH T. DEPUTY,

    Appellant-Defendant
    below

v.

STATE OF DELAWARE,

    Appellee-Plaintiff
    below

APPEAL NO. 644, 2007

ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

APPELLANT'S OPENING BRIEF

John R. Williams, Esquire
Department of Justice
Carvel State Building
102 West Water Street
Dover, DE 19904

Kenneth T. Deputy
00144616 - 21 - A-L8
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dated: January 7th, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . i

NATURE AND STAGE OF PROCEEDINGS . . . . . . . ii

SUMMARY OF THE ARGUMENTS . . . . . . . . . . iii

STATEMENT OF THE FACTS . . . . . . . . . . iv

ARGUMENTS: . . .

I. THE SUPERIOR COURT ABUSED IT'S DISCRETION IN
DENYING DEPUTY'S HABERS CORPUS WITHOUT BASING
IT'S DECISION ON CURRENT LAWS, THE RECORD, EVIDENCE
OR FACTS OF THE CASE, INSTEAD HIS DECISION WAS
CLEARLY BASED ON PAST ON PAST. U.S.C.A 14, ...

II. THE SUPERIOR COURT ERRED IN BASING ITS DENIAL
ON JONES, ANDERSON AND CHILD, WIGGLEY OF WHICH
BOTH ARE CLEARLY INAPPLICABLE DEPRIVING DEPUTY OF HIS
DUE PROCESS RIGHTS U.S.C.A. 5, 14,

III. DEPUTY'S HABERS PETITION ENTITLED HIM TO RELIEF FOR
1) ILLEGAL COMMITMENT, FOR ATTEMPT TO COMMIT A CRIME
FACT THAT ARREST WARRANT NOT FILED, BY JUSTICE OF THE
PEACE COURT #7 ON 12/16/1996 JURISDICTION THEREFORE NOT
COMPETENT COULD NOT PROCEED, 2) FOR HIS CURRENTLY SERVING
TIME FOR ONLY REMAINING NEWLY SENTENCE FOR ATTEMPT TO
COMMIT A CRIME, AND 3) DEPUTY IS ENTITLED TO RELIEF UNDER
DENIAL OF DUE PROCESS AS WELL AS ENTITLEMENT TO RELIEF UNDER
BOTH DELAWARE STATUTES PURSUANT TO 10 DEL. C § 6901 AND 6902,

IV. THE SUPERIOR COURT'S DECISION ABANDONING ITS OATH, UNETHICAL
CONDUCT, FAILURE TO ABIDE BY STATE, FEDERAL, LOCAL LAWS
GIVES RISE TO FEDERAL PROBE IN TO THIS MATTER FOR POSSIBLE
VIOLATIONS STATED UNDER CHAPTER 96, 18 § 1961, JUDICIAL OFFICIALS
ARE PRESUMED TO KNOW THE LAW, ALSO SEE FOR VIOLATIONS OF 42
U.S.C.A § 1985 AND § 1986 IGNORANCE IS NOT A DEFENSE, THE
STATE OF DELAWARE CLEARLY DOES NOT HAVE THE AUTHORITY
TO COMMIT, ARREST OR SENTENCE BLACK OR WHITE DEFENDANT'S
FOR ATTEMPT TO COMMIT A CRIME, 11 DEL. C § 531 IN AND
OF ITSELF AS WAS THE CASE HERE, OVERWHELMING EVIDENCE
PRESENTED THAT, THAT OCCURRED HERE,

CONCLUSION . . . . . . . . . . . . .

TABLE OF AUTHORITIES

CASES                                                    Page

Curran v. Woodley, Del. Super... 104 A.2d 771   (1954).. 5
Gerber v. Hickman                    55 F.3d 87 . . . . . .10
Gibbs   v. State, Del. Supr. 299  (2005). . . . . . . . 8
Cromillion v. Lightfoot              364 U.S. 339 (1960 . . .10
Jones   v. Anderson, Del. Supr.      183 A.2d 177 (1962 . . . 5
Keating v. State                     226 A.2d 624 . . . . . 5
Konotki v. State, Del. Super.        418 A.2d 1008 . . . . . 5
McCray v. U.S.                       101 S.ct 411 . . . . . . 11
Thompson v. U.S.                     827 F.2d 1254 (1987). . . 10
Malcord v. Thornburgh                473 F.Supp 998 . . . . 3

RULES, CONSTITUTIONAL PROVISIONS, ETC.

10 Del. C. Section 6901 . . . . . . . . . . . . . . . 8
10 Del. C. Section 6902 . . . . . . . . . . . . . . . 8
11 Del. C. Section  531 . . . . . . . . . . . . . . . 2,6,9
11 Del. C. Section  532 . . . . . . . . . . . . . . . 3, 9
11 Del. C. Section  533 . . . . . . . . . . . . . . . 9
Fifth Amendment    . . . . . . . . . . . . . . . . . 5
Fourteenth Amendment . . . . . . . . . . . . . . . . 3,5,7
42. U.S.C.A. Section 1983 . . . . . . . . . . . . . 10
42. U.S.C.A. Section  1985 . . . . . . . . . . . . . 9
42 U.S.C.A. Section  1986 . . . . . . . . . . . . . 9
Chapter 96 i 18 Section 1961  . . . . . . . . . . . 10

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant is currently being unlawfully restrained of his liberty and held at the Delaware Correctional Center. Following numerous illegalities the defendant was sentenced to 22 years at level II, with decreasing levels of probation on December 19, 1997. Defendant was sentenced to seven years for P.D.W.D.C.F a minimum mandatory sentence, which has been completed 4 years ago. He was sentenced to 15 years tis for attempt to commit a crime, for which everybody by now knows is not a charge. For which he is currently serving this illegal, unlawful and invalid sentence. Defendant filed a motion for Writ of Habeas Corpus with the Superior Court in Kent County on November 16, 2007. The Habeas petition was denied by Judge Young on 11/19/2007, in his denial he claimed that a hearing however would be scheduled in the near future. The defendant filed a timely motion for Reconsideration pointing out the constitutional errors in Judge Youngs decision, despite the overwhelming evidence presented supporting defendants claims and the obvious blatent disregard for the need to grant relief Judge Young again denied that motion as well, and he again claimed that a hearing for review was scheduled for December 14, 2007. A hearing that defendant did not attend, and all of his inquiries as to the results of that hearing thus far have been concealed from him. A timely Notice of Appeal was made. This is Defendants Opening Brief.

ii

## SUMMARY OF THE ARGUMENTS

I.    WHETHER THE SUPERIOR COURT ABUSED IT'S DISCRETION IN DENYING DEPUTY'S HABEAS CORPUS WITHOUT BASING IT'S DECISION ON CURRENT LAWS, THE RECORD, EVIDENCE OR FACTS OF THE CASE, INSTEAD HIS DECISION WAS CLEARLY BASED IN PART ON RACE, U.S.C.A .14

II.    WHETHER THE SUPERIOR COURT ERRED IN BASING IT'S DENIAL ON JONES v Anderson AND CLARRAD v, WOODLEY OF WHICH BOTH ARE CLEARLY INAPPLICABLE DEPRIVING DEPUTY OF HIS DUE PROCESS RIGHTS, U.S.C.A 5.14

III.    WHETHER DEPUTY'S HABEAS PETITION ENTITLED HIM TO RELIEF FOR: (1) ILLEGIAL COMMITMENT, FOR ATTEMPT TO COMMIT A CRIME. FACT THAT ARREST WARRANT NOT FILED BY JUSTICE OF THE PEACE COURT 7 ON 12/16/1996. SUPERSTITION THEREFORE NOT COMPETENT CANNOT PROCEED. (2) FOR HIS CURRENTLY SERVING TIME FOR ONLY REMAINING LEVEL V SENTENCE FOR ATTEMPT TO COMMIT A CRIME, AND (3) DEPUTY IS ENTITLED TO RELIEF UNDER DENIAL OF DUE PROCESS AS WELL AS ENTITLEMENT TO RELIEF UNDER BOTH DELAWARE STATUTES PURSUANT TO 10 DEL, C § 6901 AND 6982.

IV.    WHETHER THE SUPERIOR COURTS DECISION ABANDONING IT'S OATH, UNETHICAL CONDUCT FAILURE TO ABIDE BY STATE, FEDERAL OR LOCAL LAWS GIVES RISE TO FEDERAL PROBE INTO THIS MATTER FOR VIOLATIONS STATED IN CHAPTER 96, 18 §1961; VIOLATIONS OF BOTH 42 U.S.C.A §1985 AND §1986. JUDICIAL OFFICERS ARE PRESUMED TO KNOW THE LAW, IGNORANCE IS NOT A DEFENSE. THE STATE OF DELAWARE CLEARLY DOES NOT HAVE THE AUTHORITY TO COMMIT OR SENTENCE ANYONE BLACK OR WHITES FOR ATTEMPT TO COMMIT A CRIME 11 DEL, C§ 531 IN AND OF ITSELF AS WAS THE CASE HERE OVERWHELMING EVIDENCE PRESENTED THAT, THAT OCCURRED HERE.

iii

## STATEMENT OF FACTS

On December 16, 1996 Defendant was arrested by a Camden, Delaware Town police officer. He was taken to the Justice of the Peace Court #7, and changed with 1) ATTEMPT TO COMMIT A CRIME FELONY B pursuant to 11 DEL. C § 531, and two underlining offenses. The accusation of attempt to commit a crime is not a change, but a criminal procedure same as 11 Del. C sections 532 and 533. Therefore the clerks at Court 7 realizing this serious constitutional error did not process the arrest warrant nor the case itself, because it would have been unlawful to do so. However despite no case being filed against defendant he was sent to and held at the Delaware Correctional Center. Despite the complaints of Defendant that he was being prosecuted illegally, that Superior Court was not a Court of Competent Jurisdiction due to constitutional errors of law and criminal misconduct which took place at Court #7 on 12/16/1996. Despite Superior Courts clear and obvious lack of jurisdiction it convicted the accused. He was then sentenced to 22 years at level II, 7 of which was minimum mandatory for P.D.W.D. C.F, while the remaining 15 years of T.I.S was for Attempt To Commit A Crime, for which he is currently serving. Defendant does not have any other level II sentences to serve. Defendant eventually filed a Writ of Habeas Corpus seeking immediate relief, since it is obvious that Attempt to commit a crime is not a change then the Warden now the Delaware Court system have the lawful authority to force him to serve this unconstitutional time. The Superior Court denied his Habeas Petition claiming his commitment for Attempt To Commit A Crime which is not a change was legal and his sentence for the same was also legal. This ruling allows arrests

of Blacks and minorities on Delaware streets for the
following criminal procedures under 11 Del. C. Sections
1) § 531- ATTEMPT TO COMMIT A CRIME) 2) § 532. Substantial
step. 3) § 533. Conduct intended to aid another to
commit a crime and 4) § 541. Criminal solicitation,
conspiracy, attempt to commit a crime, defense of
renunciation. Clearly the law in Delaware does
not allow its black and minority citizens to be arrested
and put in prison for 11 Del. C § Substantial step as
alleged in Superior Court Judge Youngs decision.
The question here isn't whether or not the Defendant
was erroneously denied relief, but how many blacks
and minorities have been arrested and committed for
mere criminal procedure and how many are currently
being held illegally in Delaware prisons. This case
mandate's a federal probe as their could be hundreds
of black and minority citizens being illegally imprisoned
in this extremely racially biased and discriminatory
State. This is the Defendants Appeal Brief.

ARGUMENT'S

I.    THE SUPERIOR COURT ABUSED IT'S DISCRETION IN
DENYING DEPUTY'S HABEAS CORPUS WITHOUT BASING IT'S
DECISION ON CURRENT LAWS, THE RECORD, EVIDENCE, OR
THE FACTS OF CASE. INSTEAD HIS DECISION WAS
CLEARLY BASED IN PART ON RACE U.S.C.A. 14

An abuse of discretion occurs when the Court ignores
recognized rules which produces an unjust result. Here
the Superior Court not only ignored fundamental laws,
it ignored direct evidence, facts and most importantly
it ignored the record in this case. Clear abuse of discretion.
All of which effectively deprived Deputy of fairness
and equal justice, requiring reversal of its decision.
The record in this case reflects that defendant was
arrested on December 16, 1996 for attempt to commit a
crime, also reflects that the arrest warrant was neither
filed or processed by Justice of the Peace Court Clerks
(SEE ARREST WARRANT IN APPENDIX) because they knew
that it would have resulted in unconstitutional and
unethical conduct to have done so. Despite failure
or refusal to file or process case Deputy was imprisoned
for attempt to commit a crime, that process alone
contradicts the Courts ruling that committment is
regular on its face, the Court ignored these facts. The
record in this matter also reflects that further confirmation
was produced as to Deputy's claim; on August 10, 1999
when the Superior Court Commissioner Andrea Maybee Freud
wrote the following in her report and Recommendation."
" Following an investigation, the police requested a warrant
for Deputy's arrest on December 16, 1996, on charges of
Attempt to commit a crime felony Bill Del.C.3 §31.
This was written in Court order that was presented to
Superior Court Judge Young prior to his decision. The
Court ignored this evidence, also presented was letter written
by U.S. Department of Justice which further established

(2)

in its October 30, 1997 letter that Deputy's claims
of injustice were valid, when it wrote "It appears as
though the basis for that is in part the fact that you say
you were convicted of "attempt to commit a crime" and
that is not a change in the State of Delaware. Further
evidence that was presented and ignored comes from
Deputy's jailer, Richard E. Seifert, Paul Howard Depart
ment of Correction Bureau of Prisons, wrote in its response
dated January 26, 1998 " Second you were committed
to prison by Judge Fred Dewey from the Justice of
the Peace Court #7 on 12-16-96' in default of 20,000
bail. The charges for which bail was set include
Assault 1st, P.D.W.D.C.F, and Attempt to commit a
felony crime. Consideration of all the evidence facts
and records was not a basis or reasoning for Judge Youngs
decision. The Superior Court Judge clearly based his
ruling on race the color of Deputy's skin and ethical
african heritage. Such a decision violates the 14th
amendment of the U.S. Constitution which mandates
equal justice and fairness which was not the case here.
The Superior Court's conclusion is baffling as well
as disturbing in that its not clear as to whether the
Superior Court is alleging that Deputy was not arrested
or committed for attempt to commit a crime, or just
alleging that arrest and committment is legal for
blacks. If that is the case blacks and minorities will
be arrested and committed for 11 Del. C § 532 Substantial
Step next. Reversal is not only warranted here but
this Superior Judge should be removed from bench.
SEE EXHIBIT NEXT PAGE - ALLEGED COMMITTMENT,
SHEET FOR "ATTEMPT TO COMMIT A CRIME (Con Page 4)

Deputy claims removal of unfit Judges is a legitimate
State purpose U.S.C.A. CONST. AMENDMENT. 14,
COMMEN v THORNBURGH, 478 F.Supp. 998

(3)

IN THE COURT OF THE JUSTICES OF THE PEACE OF THE

STATE OF DELAWARE IN AND FOR KENT COUNTY

COURT NO. 7

COMMITMENT

**COPY**

The State of Delaware

Kent County, ss.

To any constable and to the Department of Correction of the said State and County:

THIS IS TO COMMAND YOU, the said constable, forthwith to convey and deliver into custody of the Department of Correction of DCC in New Castle County the body of KENNETH T DEPUTY charged before said Justices of the Peace Court 7 on oath by GREG A DONOPHAN with violation of the below stated offenses of the Delaware Code of 1953 as amended.

AND WHEREAS, by my judgement the said defendant is committed in default of $ 70,000 secured bail. Appearance in Kent County Court of Common Pleas for PRELIMINARY HEARING on Friday December 20, 1996 at 09:00 AM

AND YOU, the said Department of Correction, are hereby required to receive the said defendant into your custody and him safely keep, until he be thence delivered by due course of law.

GIVEN under my hand and seal this 16 day of December, A.D. 1996.

_____ (Seal)
Justice of the Peace

The total number of charges is 3

| Crim Act No | Case No | Statute | Offense | Amount of Bail |
|---|---|---|---|---|
| | J7-9612008864-001 | 11:0531:0001:F:B | ATTEMPT TO COMMIT A CRIME FELONY | 30,000 |
| | J7-9612008864-002 | 11:0613:00A1:F:C | ASSAULT FIRST DEGREE | 10,000 |
| | J7-9612008864-003 | 11:1447:0000:F:B | POSSESSION OF A DEADLY WEAPON DUR | 30,000 |

NAME: KENNETH T DEPUTY   SBI: 00144616 / 01   SEX: M   RACE: B   DOB: 01/19/1957

**COPY**



(4)

II. THE SUPERIOR COURT ERRED IN BASING IT'S DENIAL ON JONES v ANDERSON, AND CURRAN v WOODLEY OF WHICH BOTH CASES ARE CLEARLY INAPPLICABLE DEPRIVING DEPUTY OF HIS DUE PROCESS RIGHT'S, U.S.C.A. 5, 14

Deputy states that the Superior Courts reasoning for denying him Habeas relief based on the cases of Jones v Anderson 183 A.2d 177 and Curran v Woodley was clearly erroneous, denied him due process, and should be reversed.

First we review Jones v Anderson; first and foremost the obvious difference is the Petitioner Jones is arrested for valid (legal) change of manijuana for which he pled guilty. Unlike instant case before this Court. In Deputy's case now before this Court was arrested and committed without a properly issued arrest warrant State v Kosatki, Del Super 418 A.2d 1008; State v Keating 236 A.2d 84. From the outset of this case based on the police illegal contact of Deputy for attempt to commit a crime this "entire process" was unconstitutional. Deputy based on the most fundamental violations of due process, of law based on ridiculous arrest for meritless accusation. Jurisdiction was never retained by any Delaware Court. First there must be a valid case filed, secondly the case (arrest warrant) must be filed and or processed none of which happened here.

Next we review Curran v Woodley; this case like Jones is validly charged with rape which is a charge in the State of Delaware. Unlike Deputy whom was not validly charged. Personal jurisdiction was obtained in both Jones and Curran, both were physically present before Justice of the Peace Courts pursuant to properly issued warrants and lawful arrests for valid offenses for drug offense and rape, unlike the case before the Court now; Deputy however was never before the Magistrate of Justice of the Peace Court #7 pursuant to a properly issued warrant or later through voluntary appearance, therefore the Delaware Courts lacked jurisdiction. Furthermore Deputy

(5)

has alleged in his Superior Court Habeas Petition, he is currently serving sentence for Attempt To Commit A Crime pursuant to 11 Del. C § 531 is not of a valid sentence nor sentence by a court of competent jurisdiction. Unlike both Jones and Curran neither case is applicable here. Based on extraordinary circumstances present in this case now before this Court Habeas Corpus is available in this instance.

III.   DEPUTY'S HABEAS PETITION ENTITLED HIM TO RELIEF FOR: 1) IRREGULAR COMMITMENT, FOR ATTEMPT TO COMMIT A CRIME, ALSO FACT THAT ARREST WARRANT WAS NOT FILED BY JUSTICE OF THE PEACE COURT NO#7 ON 12/16/1996 JURISDICTION THEREFORE NOT COMPETENT CANNOT PROCEED ALSO ENTITLED TO RELIEF FOR: 2) HES CURRENTLY SERVING TIME FOR ONLY REMAINING LEVEL V SENTENCE FOR ATTEMPT TO COMMIT A CRIME, AND FINALLY HABEAS RELIEF WARRANTED FOR: 3) DEPUTY ENTITLED TO RELIEF UNDER DENIAL OF DUE PROCESS AS WELL AS ENTITLEMENT TO RELIEF UNDER BOTH DELAWARE STATUTES PURSUANT TO 10 DEL.C. § 6901 AND § 6902.

The Superior Court's ruling that Deputy's committment for Attempt To Commit A Crime on December 16, 1996 is incorrect determination of the law, committment for mere criminal procedure cannot under any lawful basis be ruled as valid or regular. As such Courts decision is erroneous and has no basis in fact or law, therefore it should be reversed SEE COMMITMENT SHEET PAGE 4 OF APPELLATE BRIEF). And further Review of the records in this case will reveal that the arrest warrant in this matter was not filed or processed by Court No#7 personal which is the initial due process requirement for obtaining competent jurisdiction and validating regular committment, failure here repercussion fatal; Court lacked personal jurisdiction, and in no way can any unconrruptable Court official claim that Committment was regular on its face. Secondly, Deputy cannot under any valid reasoning be required to serve remaining 8 year sentence for attempt to commit felony B Crime. Clearly when similarly situated white defendants are neither arrested, committed or sentenced for attempt to commit a crime. As such Deputy is being unlawfully restrained of his liberty by virtue of 14th constitutional amendment of the United States passed specifically in 1868 to protect blacks from this type of racial discrimination by the Klan presiding in the Court Judicial process U.S.C.A. Consti. Amend 14.

(7)

ARGUMENT II CONT'D"

3) Lastly Deputy attacks Judge Youngs erroneous and deliberately indifferent ruling denying him relief, For which as written and based on the facts and evidence presented Deputy was and is entitled to Habeas Relief under due process of law as well as statutory rules 10 Del. C § 6901 and 6902.

Due process violation occurred here when the Superior Court failed or refused to apply lawful standard of these two rules both of which clearly entitle Deputy to relief.

Relief is available when the contours of Deputy's claim that he was proceeded against by Court without competent jurisdiction and based on the evidence of commitment sheet at page 4) inter'alia he has shown that his being restrained of his liberty and forceablely being held by prison officials for attempt to commit a crime entitle him to immediate relief pursuant to 10 Del. C § 6901, Deputy is not being held or required to serve any other level V sentences, only requirement is to serve remaining illegal 8 years for Attempt to commit a crime; if not for this sentence Deputy would not be held at level IV.

Deputy also entitled to relief pursuant to 10 Del. C § 6902 Under this section relief is warranted to Deputy based his being restrained in violation of this section.

Petitioner entitled to writ because he is not being detained for treason or being held on felony. Currently Deputy is serving sentence for attempt to commit a crime which has been established as not being a charge as such destraint by felony not an issue here. In the case Anson T. Gibbs v State of Delaware Del. Supr. 299.2005 relief was denied based on confinement for felony charge unlike Deputy now before this Court. Sentencing order confirms and evidences that Deputy is serving sentence currently for attempt to commit a crime unlike Gibbs.

III. THE SUPERIOR COURT'S RANDOM DECISION ABANDONING
IT'S OATH, UNETHICAL CONDUCT, FAILURE TO ABIDE BY
STATE, FEDERAL, OR LOCAL LAWS GAVES RISE FOR FEDERAL PROBE
INTO TO THIS MATTER FOR POSSIBLE VIOLATIONS OF BOTH
SECTIONS UNDER 42 U.S.C.A. §1985 AND §1986, AS WELL
AS VIOLATIONS OF CHAPTER 96, 18 §1961 DUE TO NUMBER
OF PEOPLE INVOLVED. JUDICIAL OFFICERS ARE PRESUMED
TO KNOW THE LAW, IGNORANCE IS NOT A DEFENSE. THE
STATE OF DELAWARE CLEARLY DOES NOT HAVE THE AUTHORITY
TO HAVE HIM COMMITTED OR SENTENCE ANDOR BLACK OR
WHERE FOR ATTEMPT TO COMMIT A CRIME 11 DEL.C.§ 531
OF ITSELF AS IS THE CASE HERE, OVERWHELMING EVIDENCE
PRESENTED THAT, THAT WAS THE ISSUE BEFORE THIS COURT.

The facts of this case are sufficiently clear as is the
record here. Unless the Superior court is claiming to be
blind Judge Young, has violated his oath, conduct
unethical, and his ignoring the evidence and constitu-
tional rights of Deputy, basing decision for purpose
of concealing evidence and the truth of what took
place on December 16, 1996. In which Judicial officer
at Court #7 and arresting officer worked in collusion
to illegally arrest and have Deputy committed, for attempt
to commit a crime in violation of his constitutional
and civil rights. If in fact, proven gives rise to the
meeting of the minds in violation of 42 U.S.C.A §
1985. The Superior Court's ruling, raises grave reason
and or cause for federal investigation. Also ridiculous
order filed claiming attempt to commit a crime as valid
claim for arresting and commitment is action for
neglect to prevent, Judge Young by reasonable diligence
should have prevented wrongful acts committed by his
colleague and police failure here violates 42 U.S.C.A §1986
For Court officials of Delaware to claim over and over
that attempt to commit a crime is a change, is unacceptable
blatant corruption, racial not to mention criminal. Due
to the number of active participants and crimes involved
the conduct leading to these types of illegal arrests under
11 Del.C §531, §532, §533 amounts to kidnapping

(9)

fails expressly under racketeering activity violation
of Chapter 96 Title 18 & 1961. It's unbelievable
as to how this criminal activity has gone on for so
long. a federal probe into the Delaware Criminal
Justice system is well overdue. Hopefully this case
will change that. Deputy has been literally denied
fundamental fairness and equality of justice over
11 year period by various Judicial officers of the
Delaware Court system whom have consistently adopted
procedure that impaired his rights to due process
or his other rights guaranteed by the constitution.
U.S. v Thompson, 827 F. 2d 1254; Commillion v
Lightfoot, 364 U.S. 339. Judge Young has failed
to take measures against unethical conduct in connection
with the proceeding before him. Gestevery v Shulman
55 F. 3d 287. To add insult to injury Judge Young
conducted a December 14, 2007 Hearing for which only
whites attended. Klan meeting possibly. A federal
investigation is needed here in Delaware. What is
taking place in the Delaware Court system is 10
times worst than what takes place in Jena Louisena,
That was an isolated incident, racism and corruption
is the norm and occur daily in african americans
and other minorities cases. No black or minority will
ever receive equality or fairness in a Delaware Court
room. Delaware is by far the worst state for corruption
and racial discrimination. However any and all filings
will be copied and sent to Washington D.C. for the
next 8 years and hopefully downloaded on the internet
to bring national attention to the criminal activity
that blacks and minorities are being subjected to.
Deputy must seek other avenue for relief as he has
exhausted federal Habeas Corpus filings; he is prohibited
from filing successive Petition. Main goal of civil rights
act of 42 U.S.C.A § 1983 was to override the corrupting
influence of the Ku-Klux-Klan and its sympathizers
on the Government and law enforcement agencies of Southern States
and one strong motive behind its enactment was great

(40)

congressional concern that the State Courts such as Delaware has been deficient in protecting federal rights of its black and minority citizens. As has been demonstrated in the case of Deputy v State 96 12008864 (Also SEE McLuny v US 101 S.ct 411.

Appellant claims that Judge Youngs November 19, 2007 and December 3, 2007 decisions deprived him of rights secured under the 14th amendment. The sole purpose of Youngs decision was to impede in State district and to defeat the due course of justice in the State with intent to deny citizen Deputy the equal protection of the laws or to injure him. The Judges decision also constitutes an act of neglect to prevent. The submission of a copy of the purported committment sheet at page 40 of this brief is self explanatory that Deputy was entitled to relief on his petition. Any ruling by this Court other than reversal of wrongful act by Superior Court will only serve as furtherence of the object.

- 11)

CONCLUSION

WHEREFORE the Petitioner prays based on Brief and Court records in appendix his Writ of Habeas Corpus and Appeal be granted, Reverse the Superior Courts decision.

Kenneth J. Deputy
Kenneth J. Deputy
00144646 Unit 21
D.C.C
1181 Paddock Road
Smyrna DE 19977

Dated: January 7, 2008

**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| **KENNETH T. DEPUTY,** | ) |
| | ) |
| Defendant-Below, | ) |
| Appellant | ) |
| | ) |
| v. | ) No. 644, 2007 |
| | ) |
| **STATE OF DELAWARE,** | ) |
| | ) |
| Plaintiff-Below, | ) |
| Appellee | ) |

**MOTION TO AFFIRM**

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1. In September 1997, a Superior Court jury convicted Kenneth T. Deputy of attempted first degree robbery, first degree assault, and possession of a deadly weapon during the commission of a felony, and on December 19, 1997, Deputy was sentenced to a total of 27 years Level V imprisonment, suspended after 22 years for decreasing levels of Level IV confinement and probation. *Deputy v. State*, 1998 WL 700168 (Del.) (Order) at 1 (Ex. A). On direct appeal, this Court affirmed Deputy's convictions and sentences. *Id.* Thereafter, Deputy has unsuccessfully sought State court review of his 1997 convictions by means of post-conviction and sentence correction motions. *See State v. Deputy*, 1999 WL 743921 (Del. Super.) (Order) (Ex. B); *Deputy v. State*, 2000 WL 313437 (Del.)) (Order) (Ex. C); *Deputy v. State*, 2003 WL

1890011 (Del.) (Order) (Ex. D); *Deputy v. State*, 2005 WL 1076511 (Del.) (Order) (Ex. E); *Deputy v. State*, 2005 WL 3358527 (Del.) (Order) (Ex. F).

2. Deputy's latest *pro se* attack is a November 29, 2007 habeas corpus petition (copy included in Appellant's Appendix), which the Superior Court summarily denied on December 3, 2007. (Ex. G). Deputy's current claim is that he is being illegally held because there is no such offense as an attempt to commit a felony.

3. Deputy's claim that Count I of his February 3, 1997 grand jury indictment (Ex. H) does not allege a crime is legally incorrect and is not a basis for State habeas corpus relief. Deputy does not qualify for habeas corpus relief because he was sentenced by a court of competent jurisdiction and his December 19, 1997 sentence for attempted first degree robbery [Cr. A. No. IK97-01-0018] (Ex. I) is regular on its face. *Maxion v. State*, 686 A.2d 148, 151 (Del. 1996); *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962). Contrary to Deputy's argument, attempted first degree robbery is a crime, and in Delaware attempt to commit an offense are punishable to the same extent as the completed offense. *See* 11 *Del. C.* §531.

The Superior Court had jurisdiction to convict and sentence Deputy for attempted first degree robbery. Del. Const. Art. IV, §7; 10 *Del. C.* §541; 11 *Del. C.* §§ 31, 832, 2701(c). After conviction and sentencing, "the only material fact to be ascertained upon a petition for a writ of habeas corpus is the

existence of a judgment of conviction by a court of competent jurisdiction and a valid commitment of the prisoner to enforce the sentence." *Hooten v. State*, 2002 WL 440258 (Del.) (Order) at 1 (Ex. J). Deputy was convicted by a court of competent jurisdiction and his commitment is regular on its face. *See Ingram v. State*, 2002 WL 86748 (Del.) (Order) at 1 (Ex. K).

Finally, as a person convicted of a felony [11 *Del. C.* §832], Deputy falls within the express statutory exception for State prisoners not entitled to Delaware habeas corpus relief. 10 *Del. C.* §6902(1); *Gibbs v. State*, 2005 WL 2896980 (Del.) (Order) (Ex. L); *Biggins v. State*, 2005 WL 646838 (Del.) (Order) at 2 (Ex. M).

WHEREFORE the judgment of the Superior Court should be affirmed.

/s/ John Williams
John Williams
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19904-6750
(302) 739-4211 (ext. 263)
I.D. # 365

Date: January 11, 2008

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH T. DEPUTY, | § | |
| | § | No. 644, 2007 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Respondent Below, | § | C.A. No. 07M-11-012 |
| Appellee. | § | |

Submitted:  January 16, 2008
Decided:  March 18, 2008

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

## O R D E R

This 18th day of March 2008, upon consideration of the appellant's opening

brief, the appellee's motion to affirm, and the appellant's motion for leave to

respond to the motion to affirm, it appears to the Court that:

(1) The appellant, Kenneth T. Deputy, has filed an appeal from the

Superior Court's December 3, 2007 summary dismissal of his petition for a writ of

habeas corpus. The appellee, State of Delaware, has moved to affirm the Superior

Court's judgment on the ground that it is manifest on the face of Deputy's opening

brief that the appeal is without merit.[1]  We agree and affirm.  Moreover, we deny the appellant's motion for leave to respond to the motion to affirm.[2]

(2)    In 1997, Deputy was convicted of Attempted Robbery in the First Degree, Assault in the First Degree, and Possession of a Deadly Weapon During the Commission of a Felony.  Deputy was sentenced to a total of 27 years at Level V imprisonment suspended after 22 years for decreasing levels of supervision.  On direct appeal, this Court affirmed Deputy's convictions and sentences.[3]  Thereafter, Deputy unsuccessfully sought review of his convictions in postconviction and sentence correction motions.[4]

(3)    On November 29, 2007, Deputy filed a petition for a writ of habeas corpus in the Superior Court.  Deputy argued that his incarceration is illegal because the Superior Court was without jurisdiction to try, convict and sentence him in 1997.[5]  By order dated December 3, 2007, the Superior Court denied Deputy's habeas corpus petition.  This appeal followed.

---

[1] Del. Supr. Ct. R. 25(a).

[2] *Id.*

[3] *Deputy v. State*, 1998 WL 700168 (Del. Supr.).

[4] *See State v. Deputy*, 1999 WL 743921 (Del. Super.) (denying postconviction relief); *Deputy v. State*, 2000 WL 313437 (affirming denial of postconviction relief); *Deputy v. State*, 2003 WL 1890011 (Del. Supr.) (affirming denial of postconviction relief); *Deputy v. State*, 2005 WL 1076511 (Del. Supr.) (affirming denial of motion for correction of sentence); *Deputy v. State*, 2005 WL 3358527 (Del. Supr.) (affirming denial of motion for correction of sentence).

[5] Deputy notes that he has "continually challenged this injustice" for the past eleven years.

2

(4)    In Delaware, the writ of habeas corpus provides relief on a limited basis.[6] Habeas corpus relief is not available to a petitioner who is "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."[7]

(5)    In this case, Deputy was convicted by a Superior Court jury of felonies and was sentenced to incarceration. Deputy has not demonstrated that the Superior Court lacked jurisdiction over him or that there was an irregularity in his commitment.[8]

(6)    It is manifest on the face of the opening brief that Deputy's appeal is without merit. The issues presented on appeal are controlled by settled Delaware law. To the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED. The appellant's motion for leave to respond to the motion to affirm is DENIED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Carolyn Berger
Justice

---

[6] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[7] Del. Code Ann. tit. 10, § 6902 (1999).

[8] *See, e.g., Ingram v. State*, 2002 WL 86748 (Del. Supr.), for application of conditions precedent for state habeas corpus relief.