IN THE UNITED STATES DISTRICT COURT
FOR DELAWARE

KENNETH T. DEPUTY,
  Plaintiff,

v.                                                Civ. Act. No. CA 08-265 SLR

JOHN WILLIAMS, et al.,
  Defendants,

### NOTICE OF MOTION

PLEASE TAKE NOTICE, that the enclosed Motion for Recusal will be presented to this Honorable Court at the Courts earliest possible convenience.

FILED
MAY 20 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Kenneth T. Deputy
S.B.I 00144616
D.C.C.
1181 Paddock Road
Smyrna, Delaware 19977

May 18, 2008

IN THE UNITED STATES DISTRICT COURT
FOR DELAWARE

KENNETH T. DEPUTY,
   Plaintiff,

v.                                    Civ. Act. No.# _____

JOHN WILLIAMS et al.,
   Defendants.

## MOTION FOR RECUSAL

COMES NOW, The Plaintiff Kenneth T. Deputy, herewith petitions this Honorable Court for Recusal of the District Court Judge Sue L. Robinson from presiding over his case. Plaintiff states the following in support of motion.

1) Plaintiff claims that Judge Robinson ruled on his Federal Habeas Corpus, and the claims raised in that petition are similar to the one's contained in his civil complaint. The bases for civil complaint is premised on the false arrest of Plaintiff, where it has been revealed that the prosecution and/or arresting officer did not file an adult complaint or warrant. Furthermore the case revealed that these individuals imprisoned the Plaintiff for attempt to commit a crime, which in itself is not a charge. Judge Sue Robinson has already ruled that blacks can be arrested and imprisoned for attempt to commit a a crime even though clearly is not a charge. Therefore her previous rulings alone provides for recusal on the ground that a judges impartiality may reasonably be questioned.

(1

2) Plaintiff further claims that in his Federal Habeas Corpus which Judge Robinson ruled, involved a claim that the Indictment was defective 1) claim that the Indictment was missing an essential element of the phrase "intentionally". Judge Robinson ruled that the Indictment was not defective, despite the trial court jury instruction to the jury that they must find that conduct was intentionally. 11 Del.C § 531.

Also a claim was made that the so-called Indictment was filed against the accused in February, yet no February Indictment was even produced, the Indictment numbers 97-01-0018 thru 97-01-0020 represented a January Indictment a clear criminal act of fraud and forgery, again Judge Robinson found nothing wrong. The criminal case against the Plaintiff was blatant acts of corruption, misconduct, violated due process; jurisdiction could not of under any lawful or logical explanation be obtained, without the filing of the adult warrant and complaint. Again, Judge Robinson found nothing wrong with these obvious acts of corruption.
Judge Robinson was clearly a major asset in Plaintiffs being unlawfully deprived of his liberty. Judge Robinson was clearly a willing participant in this cover-up. She has demonstrated a personal interest, a personal bias and prejudice towards the Plaintiff.

3) Since Judge Robinson has ruled on original Federal Habeas Corpus circumstances provides for recusal when a Judge has personal knowledge of disputed evidentiary facts. Simply stated Judge Robinson would clearly represent a conflict of interest. However to be fair with Judge Robinson there have been some facts and evidence that came to light after her ruling, that had not yet been discovered, revealed or obtained by me. Such as receiving copy of commitment sheet, fact that adult complaint and warrant never filed with Count #7.

(2)

## CONCLUSION

CORNERSTONE, for the reasons stated herein Motion for Recusal Plaintiff has demonstrated that it would be in the interest of justice as well as appropriate for Judge to recuse himself.

Respectfully Submitted

/Kermit T. Deputy

May 18, 2008



IM Kenneth T. Deputy
SBI# 144616   UNIT D-West
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING STREET, LOCKBOX 18
WILMINGTON, DELAWARE
19801-3570