COPY

NOTICE OF APPEAL
TO
U.S. COURT OF APPEALS, THIRD CIRCUIT



U.S. District Court for the District of Delaware

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

KENNETH T. DEPUTY
    Plaintiff
    vs.
DEPUTY ATTORNEY GENERAL JOHN WILLIAMS,
JUDGE ROBERT B. YOUNG, JUSTICE CAROLYN
BERGER, JUSTICE RANDY HOLLAND, and
JUSTICE JACK JACOBS,

DISTRICT COURT
DOCKET NUMBER: Civ No. 08-265-SLR

DISTRICT COURT
JUDGE: Sue L. Robinson

Notice is hereby given that  KENNETH T. DEPUTY
(Named Party)

appeals to the United States Court of Appeals for the Third Circuit from [ ] Judgment, [✓] Order,

[ ] Other (specify) _____

entered in this action on July 21, 2008
                         (date)

Dated: July 21, 2008

N/A
(Counsel for Appellant-Signature)

2008 AUG 13 PM 3: 46

_____    _____
(Name of Counsel - Typed)   (Counsel for Appellee)

_____    _____
(Address)                   (Address)

_____    _____
(City, State Zip)           (City, State Zip)

_____    _____
(Telephone Number)          (Telephone Number)

NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the Notice of Appeal sheet.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH T. DEPUTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-265-SLR |
| | ) |
| DEPUTY ATTORNEY GENERAL JOHN WILLIAMS, JUDGE ROBERT B. YOUNG, JUSTICE CAROLYN BERGER, JUSTICE RANDY HOLLAND, and JUSTICE JACK JACOBS, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of July, 2008, having screened the case pursuant to 28 U.S.C. § 1915A;

IT IS ORDERED that plaintiff's motion for recusal is denied and the complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Kenneth T. Deputy ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, formerly the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. He also alleges violations of federal criminal code 18 U.S.C. §§ 224.1, 224.3, and 224.4. Plaintiff appears pro se.

2. **Standard of Review**. Plaintiff has paid the filing fee. Notwithstanding the payment of the filing fee, the court must still screen an inmate's complaint that seeks

redress from a government defendant in a civil action pursuant to 28 U.S.C. § 1915A. Williams v. Marino, Civ. No. 08-792, 2008 WL 2247090, at *3 (M.D. Pa. May 30, 2008) (citing Vega v. Kyler, C.A. No. 03-1936, 2004 WL 229073 (3d Cir. 2004) (non-precedential) (if a prisoner pays filing fee, the civil rights complaint is subject to review under 28 U.S.C. § 1915A(b) and not 28 U.S.C. § 1915(e)(2)). Section 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function, the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

2

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion**. The allegations in the complaint stem from plaintiff's 1997 conviction of attempted robbery in the first degree, assault in the first degree, and possession of a deadly weapon during the commission of a felony. See Deputy v. State, 945 A.2d 1167, 2008 WL 725058, at *1 (Del. 2008). Plaintiff's convictions and sentences were affirmed on direct appeal, and he unsuccessfully sought review of his

3

convictions and sentence in post-conviction and sentence correction motions and federal habeas relief. Id.; Deputy v. Garraghty, Civ. No. 00-538-SLR, 2001 WL 640982 (D. Del. June 4, 2001).

6. Named as defendants are deputy attorney general John Williams ("Williams"), Superior Court Judge Robert B. Young ("Judge Young"), and Delaware Supreme Court Justices Carolyn Berger ("Justice Berger"), Randy Holland ("Justice Holland"), and Jack Jacobs ("Justice Jacobs"). On November 29, 2007, plaintiff filed a petition for a writ of habeas corpus in the Delaware Superior Court. (D.I. 2, ex.) Plaintiff argued that his incarceration was illegal because the Superior Court was without jurisdiction to try, convict, and sentence him in 1997. On December 3, 2007, Judge Young summarily dismissed plaintiff's habeas corpus petition and plaintiff appealed. (D.I. 2, ex.) On January 11, 2008, Williams filed a motion to affirm the Superior Court's judgment on the basis that plaintiff's appeal was without merit. (Id.) On March 18, 2008, Justices Holland, Berger, and Jacobs issued an order granting the motion to affirm and affirming the judgment of the Superior Court. Deputy v. Delaware, 945 A.2d 1167, 2008 WL 725058 (Del. 2008).

7. Plaintiff alleges that defendants' actions and conduct surrounding his writ of habeas corpus proceedings left him "unlawfully restrained of his liberty by irregular commitment for attempt to commit a crime, lack of jurisdiction, use of forgery, fraud and other corrupt practices." (D.I. 2 at 2(B)) Count I alleges conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985. Plaintiff specifically references Judge Young's participation on December 3, 2007, Williams' participation on January 11, 2008, and

Justices Holland, Berger, and Jacobs participation on March 18, 2008. (D.I. 2, ¶ IV.1) Count II, against all defendants, alleges a violation of 42 U.S.C. § 1986 for neglect to prevent and aiding in wrongful acts that resulted in the denial of relief sought by plaintiff. Count III alleges violations of plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights by concealing corrupt practices and the participants involvement in the conspiracy. Finally, count IV alleges forgery and fabrication of documents in violation of several federal criminal statutes. Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages. More particularly, he asks the court to order his release and for a declaratory finding on the issue of whether his commitment for attempt to commit a crime is in accordance with prescribed law.

8. **Habeas Corpus**. To the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Wallace v. Kato, –U.S.–, 127 S.Ct. 1091, 1097 (2007) (citing Heck, 512 U.S. at 486-87).

9. Plaintiff has not alleged or proven that his conviction or sentence was reversed

or invalidated as provided by Heck. To the extent plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. Neitzke, 490 U.S. at 326. Accordingly, it is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

10. **Criminal Charges**. Plaintiff alleges defendants committed forgery and fabricated documents in violation of 18 U.S.C. §§ 224.1, 224.3, and 224.4. The federal criminal code does not contain the statutes to which plaintiff refers. Moreover, the decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. See United States v. Batchelder, 442 U.S. 114, 124 (1979). Accordingly, the claims lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

11. **Judicial Immunity**. Plaintiff's claims against Judge Young and Justices Berger, Holland, and Jacobs fail. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." Id. at 11-12.

12. Plaintiff, obviously aware of the law on judicial immunity, uses the correct "buzz words" in his complaint. He alleges that the four judicial defendants are being held liable for conspiracy and for "acting in all absence of jurisdiction, for non-judicial in nature and defendants were acting outside scope of their official duties. None of the defendants had authority or authorization to order [plaintiff] to be unlawfully held or

unlawfully committed." (D.I. 2 at 3(B))  Plaintiff, however, is required to provide more than labels and conclusions and his formulaic recitation of the law on judicial immunity is insufficient to support a cause of action. Further, it is evident from plaintiff's allegations that the actions he complains of are the rulings denying his state petition for writ of habeas corpus. Indeed, the dates of defendants' alleged participation in the conspiracy are for Judge Young, December 3, 2007, the date he issued his order denying the petition; and for Justices Berger, Holland, and Jacobs, March 18, 2008, the date they issued their order issued granting the State's motion to affirm and affirming the judgment of the Superior Court. While plaintiff invokes the words "the judicial defendants acted outside the scope of their judicial capacity, or in the absence of their jurisdiction," his allegations and exhibits attached to complaint do not support the same. Judge Young and Justices Berger, Holland, and Jacobs are immune from suit for monetary liability under 42 U.S.C. § 1983. Accordingly, the claims against them lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

13. **Prosecutorial Immunity**. As a prosecutor, Williams has absolute immunity for all activities relating to judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409 (1976).  Prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. Id. at 430. The scope of absolute immunity includes activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior "intimately associated with the judicial phases" of litigation. Light v. Haws, 472 F.3d 74, 77 (3d Cir. 2007). Williams is mentioned once in the complaint when plaintiff alleges that he participated in the alleged conspiracy on January 11, 2008.

7

(D.I. 2, ¶ IV.1.) January 11, 2008 is the date that Williams signed the motion to affirm the Superior Court's decision to deny plaintiff's petition for writ of habeas corpus. (Id. at ex.) The act of preparing and filing a motion is intimately associated with a judicial phase of litigation. Williams is absolutely immune from suit for his actions and the claim against him has no arguable basis in law or in fact. It is frivolous and dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

14. **Recusal.** Plaintiff's motion for recusal is **denied.** (D.I. 8) Plaintiff moves for recusal of the undersigned on the basis of her ruling denying his federal habeas corpus petition. See Deputy v. Garraghty, Civ. No. 00-538-SLR, 2001 WL 640982 (D. Del. June 4, 2001). Plaintiff advises that the claims raised in his federal habeas petition are similar to the ones in the instant case. He argues that "previous rulings alone provides [sic] for recusal on the ground that a judge's impartiality may reasonably be questioned." (D.I. 8 at 1) Plaintiff also posits there is a conflict of interest due to the prior ruling.

15. Plaintiff does not identify the statutory basis for his claim for recusal. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b) (1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." Liteky v. United States, 510

8

U.S. 540, 554 (1994); Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

16. **Conclusion**. Based upon the foregoing analysis, plaintiff's motion for recusal is **denied** and the complaint is **dismissed** for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). (D.I. 8) Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE